[S. F. No. 563. In Bank.—August 30, 1898.]

## DANIEL MEYER, Respondent, v. JOHN H. HEGLER, Appellant, and M. M. JOHNSON, Defendant.

Partnership—Note of Partner—Share of Firm Debt—Indorsement by Firm.—The liability of a partnership upon a note of an individual partner given to the firm for his share of the firm's indebtedness to a bank, one-half of which had been paid by the other partner, and indorsed by the firm to the plaintiff, who advanced the money therefor to the firm, with the understanding that it was to be applied in payment of the remaining indebtedness of the firm to the bank, to which it was in fact applied, is merely that of an indorser, and not that of a principal debtor to the plaintiff for money borrowed.

Id.—Payments by Checks in Firm Name.—The payment of installments of interest on such note by checks drawn in the firm name by the maker of the note, or by the bookkeeper, under his direction without out the knowledge of the other partner, does not prove that the note was a principal obligation of the firm.

ID.—RELEASE OF FIRM AS INDORSER—RENEWAL OF NOTE BY MAKER—UNAU-
THORIZED INDORSEMENT.—After release of the firm as indorser of such
note, by failure of the holder to make demand upon the maker,
and to give notice of nonpayment, upon subsequent renewal of
the note by the partner who was the maker thereof, such partner
is not authorized to use the name of the firm in an indorsement
of the renewed note, and the other partner cannot be held liable
thereon.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

H. C. Firebaugh, for Appellant.

Rosenbaum & Scheeline, for Respondent.

BEATTY, C. J.—The defendants, Hegler and Johnson, con-
stitute the firm of Hegler, Johnson & Co., and this is an action
upon a promissory note made by Johnson to the firm, and by
him indorsed in the firm name, with waiver of protest, etc.   The
cause was tried in the superior court without a jury, where it was
found, among other things, that the note was indorsed by the
firm of Hegler, Johnson & Co., and that the consideration for it
was the sum of ten thousand dollars theretofore loaned by the
plaintiff to the firm.   The defendant Hegler, appealing from
the judgment and from an order denying his motion for a new
trial, attacks these findings as unsupported by the evidence, and
this presents the only question we are called upon to consider.
For, under the facts here disclosed, there can be no serious con-
tention that either Hegler or the firm would be bound by a note
executed in this form by Johnson alone in discharge of his indi-
vidual obligation or for money borrowed for his individual pur-
poses.

The note in suit was executed by Johnson in August, 1893, in
renewal of a note for the same amount ($10,000) which was exe-
cuted in May, 1892, and the real and only question to be deter-
mined is whether the former note constituted a firm obligation.
There is no substantial conflict in the evidence bearing upon
this question.   At the date of the former note—May, 1892—
the firm of Hegler, Johnson & Co. was indebted to the Pacific

Bank in about the sum of twenty thousand dollars, payment of which was being pressed. Hegler was able to provide for his half of this indebtedness and did so, but Johnson was compelled to borrow ten thousand dollars in order to contribute his share toward the payment of the firm debt. He applied to the plaintiff for a loan of that sum, and the plaintiff agreed to advance it on a note indorsed by the firm with certain collateral security furnished by Johnson. The note of May, 1892, was thereupon drawn up under the direction of plaintiff, and by its terms Johnson promised to pay to the order of Hegler, Johnson & Co. ten thousand dollars on demand. This note was indorsed by Hegler in the firm name and delivered to plaintiff, who drew his check in favor of the firm for ten thousand dollars. The check was deposited in the firm name and the proceeds applied upon the firm debts. The question is, What obligation was assumed by the firm in this transaction? Did it become indebted to the plaintiff as for money loaned to the firm, or did it assume merely the obligation of an indorser of Johnson's paper? Did the plaintiff loan ten thousand dollars to the firm, or did he merely discount the note of a third party held by the firm? Looking only to the face of the transaction there can be but one answer to these questions. The plaintiff bought Johnson's note from the firm and paid the firm for it, and the firm assumed the ordinary liability, and only the liability of an indorser. But it is contended that although this was the form of the transaction, and the form prescribed by the plaintiff himself, the substance was something entirely different, and that the firm became indebted to plaintiff directly and unconditionally because plaintiff gave his check to the firm and the proceeds were used to pay firm obligations. This conclusion, however, does not seem to follow. The holder of a note who indorses it and procures it to be discounted always receives and is entitled to receive the value of the note and to use the proceeds in his business, but he does not for that reason become directly and unconditionally indebted to his indorsee.

There is a further contention on the part of the plaintiff that the firm was bound as a maker of the first note because plaintiff was told by Johnson that he was borrowing the money to diminish the firm's debt to the bank, and because he would not otherwise have loaned it.

I cannot see that this evidence strengthens the case for the plaintiff in the slightest degree. It is entirely consistent with all the other uncontradicted evidence in the case, which clearly shows that Johnson applied for a loan, not to the firm, but to himself individually, in order that he might pay his share of the firm debt; in order, in other words, that he might contribute his share to the necessary increase of the firm's capital. He was borrowing the money for himself, and all plaintiff required was the indorsement of the firm and the assurance that the money was to be used in reducing the firm indebtedness. With this understanding, and with this object in view, the transaction was put in a form exactly corresponding to the situation and circumstances of the parties. Johnson, having no ready money, gave his note to the firm for his share of the firm debt. Plaintiff discounted the note for the firm, and very properly and naturally drew his check in favor of the firm, which, with equal propriety and perfect right, used the proceeds in its business.

The liability on the part of the firm for which the plaintiff chose to contract was that of an indorser, and I do not see how, under the facts of this case, it can be held otherwise liable. This being so, the finding of the superior court that the consideration of the note in suit was the sum of ten thousand dollars loaned to the firm cannot be sustained; nor is it true, in a legal sense, that the note in suit was indorsed by the firm. More than a year had elapsed from the date of the former note without any demand or notice of nonpayment, and the liability of the firm as indorser was at an end. The only obligation remaining in force was that of Johnson alone, and he had no authority to use the name of the firm in renewing his own note.

Some reliance is placed upon the fact that installments of interest falling due on the first note were sometimes paid by means of checks drawn in the firm name of Johnson, Hegler & Co. The claim seems to be that this was an acknowledgment by Hegler that the first note was given for a firm debt. I do not think such conclusion would necessarily follow even if the checks had been drawn by Hegler himself, but the evidence shows without contradiction that they were drawn by

Johnson, or by the bookkeeper under his direction, and without the knowledge of Hegler.

The judgment against Hegler and order appealed from are reversed.

Temple, J., Henshaw, J., and Garoutte, J., concurred.

HARRISON, J., dissenting.—I dissent. There was evidence to justify the court in finding that the consideration for the note sued upon was the sum of ten thousand dollars theretofore loaned by the plaintiff to the firm of Hegler, Johnson & Co. The original note was signed by the defendant Johnson, and was indorsed to the plaintiff in the firm name by the defendant Hegler, and was taken by the plaintiff upon the representation that the money received thereon was to be used in payment of certain indebtedness of the firm. A check for its amount was drawn to the order of the firm, and deposited by it to its credit with the Pacific Bank, and on the same day the greater portion of the money was drawn out by the firm and used in the payment of its promissory note. As the consideration of the note was used for the benefit of the firm, and as both partners joined in executing it in the form required to enable the firm to obtain this consideration, it became the obligation of the partnership. This evidence tended to sustain the above finding, and the superior court having determined that it was sufficient therefor, this court cannot review its weight for the purpose of overcoming the decision of that court.

The note in suit was executed in renewal of this former note, and in the same form, but the name of the maker and the indorsement of the firm were both written by the defendant Johnson. As the consideration for the original note was given and used for the benefit of the firm, and as both members of the firm united in its execution to the plaintiff in order to receive this consideration, it became an obligation of the partnership to him, irrespective of any private agreement between the partners, and irrespective of the form in which the obligation was made. The plaintiff testified that when he took the original note he had no knowledge of any such agreement, or that the money was to be used for any other purpose than that of the partnership. At the time of the execution of the

note in suit there was nothing to put him upon notice that it was given for the individual debt of Johnson. Nothing had occurred since the original note was given to impair his right to believe that the debt evidenced by it was a partnership transaction, and he had the right to assume that the firm regarded the note as a partnership obligation, and that the form adopted for this note had been agreed upon by them for all notes to be executed for its obligations. The defendants had continued their partnership relations and business at the same place. As a member of the firm Johnson had authority to bind it by a renewal of its obligations. If he had taken up the old note and given a new one in the name of the firm, there would be no question of the liability of the firm thereon. It is equally bound by his renewal, made in the same form which had been adopted by the partners when the debt was originally created.

McFarland, J., and Van Fleet, J., concurred in the dissenting opinion.